## Osborne *versus* Everitt.

1. The right which a non-resident plaintiff had, by virtue of the Act of March 20th 1810, section 2, to bring a suit before a justice of the peace, by a "long" summons without first giving security for costs, is not taken away by section 35 of the Act of July 12th 1842, which provides that a non-resident plaintiff *may*, upon giving security for costs, begin such a suit by a "short" summons.

2. The latter remedy being additional to and independent of the former, and not inconsistent therewith, the Act of 1842 does not in this respect repeal by implication the Act of 1810.

April 24th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northumberland County:* Of January Term 1883, No. 121.

The record showed the following facts:—On January 6th

[Osborne *v.* Everitt.]

1882, William H. Hackenberg, Esquire, a justice of the peace of Northumberland county, issued a summons wherein D. M. Osborne, G. W. Allen and J. H. Osborne, trading as D. M. Osborne & Co., were plaintiffs, and Enoch Everitt was defendant, returnable January 14th 1882. The plaintiffs were non-residents of the state of Pennsylvania, and they did not enter security for costs, &c. The summons was duly returned served, and on the return day, the parties, plaintiffs and defendant having appeared by their attorneys, the justice rendered judgment in favor of plaintiffs for $100 and costs of suit.

The defendant entered an appeal from said judgment to the court of common pleas, and entered security for costs on said appeal. After the appeal was perfected, the case was referred to arbitrators who filed their award in favor of the plaintiffs for $110. The defendants afterwards obtained a "rule on plaintiffs to show cause why the award in this case, and all proceedings in the case, should not be vacated and set aside, for the reason that the justice had no jurisdiction, inasmuch as no bond for costs was filed by plaintiffs at the time of the commencement of this suit, they being non-residents of this state."

The court, after argument, in an opinion by ROCKEFELLER, P. J., made this rule absolute, on the ground that the Act of 1842 being in pari materia with the Act of 1810, made the entry of security for costs by a non-resident plaintiff, a pre-requisite to his bringing an action before a justice, which must be by a "short" summons, returnable not less than two, nor more than four days from the date thereof; and that no security for costs having been entered in this case, and the summons having been made returnable more than four days after its date, the justice had no jurisdiction, and his judgment and the proceedings founded thereon were therefore a nullity.

The plaintiffs thereupon took this writ of error, assigning for error said order of the court vacating and setting aside the award and all proceedings in the cause.

*P. L. Hackenberg & Son*, for the plaintiffs in error.

*Everitt (Foust* with him), for the defendant in error.

Mr. Justice GREEN delivered the opinion of the court, May 25th 1883.

It is not questioned that under the Act of 1810 non-resident plaintiffs could bring actions before justices of the peace without giving security for costs. So they could and can yet in the courts of common pleas. But by rule of court in most, if not all of the counties, they can, at the option of the defendant, in suits in the common pleas, be compelled to give

[Osborne *v.* Everitt.]

security. Their omission to do so in the first instance raises no jurisdictional question, and if security is not demanded by the defendant, they can proceed to trial, judgment and execution as effectively in all respects as resident plaintiffs. The obligation to give security for costs therefore is not statutory in proceedings in the courts of common pleas, and prior to the Act of July 12th 1842, it never was statutory in proceedings before justices. The Act of 1810 made no distinction between non-resident and resident plaintiffs in this respect. Whether, when the former were brought into the common pleas by appeal, in cases originating before justices, they could be required to give security, does not appear to have been decided, though we know of no good reason why they would not come within the operation of the common pleas rules requiring security to be given if demanded. But, however that may be, it is very clear that under the Act of 1810, non-resident plaintiffs could commence and prosecute actions before justices without giving security for costs. Their process was the same as that allowed to residents. If by a writ of summons, it was returnable not less than five nor more than eight days from its date, and it could be served by producing the writ to, and informing the defendant of its contents, or by leaving a copy of it at his dwelling house in the presence of one or more of his family, or neighbors. This was the undoubted state of the law up to the year 1842. By the 25th section of the Act of July 12th 1842, it was provided that, " whenever a plaintiff shall reside out of this Commonwealth, he may, upon giving bond with sufficient surety for the payment of all costs which he may become liable to pay in the event of his failing to recover judgment against the defendant, have a capias or warrant of arrest, if he shall be entitled to such writ, on making the affidavit required by the twenty-third section of this Act, or a summons, which may be made returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein, and if the same shall be returned personally served, the justice or alderman issuing the same may proceed to hear and determine the case in the manner heretofore allowed by law." Under this section a non-resident plaintiff *may* have the writ of summons returnable not less than two nor more than four days from date, and if it has been served at least two days before time of appearance, and if the service has been *personal,* he may have trial and judgment in the usual mode.

It is claimed in this case, and the learned court below has held, that since 1842 a non-resident plaintiff could not proceed by the long summons of the Act of 1810, that his right to do so was taken away by the Act of 1842, and that he can only proceed by the short summons of the latter Act. It is

[Osborne *v.* Everitt.]

not claimed that the Act of 1842 repealed the Act of 1810 in this respect; on the contrary, the 34th section of the Act of 1842 expressly preserves all the provisions of the Act of 1810 not expressly repealed, and not inconsistent with its provisions. But the court below regarded the Acts as in pari materia, and to be read as if the two were incorporated together, so far as this matter is concerned. While there is much force in this position, we think it is giving too large an effect to the Act of 1842, and involves a disregard of other rules of construction which lead to a different result. It seems to us that the right conferred by the Act of 1842 is a different right from that which existed under the Act of 1810, and it is clear to us that there is no necessary inconsistency between the two. Prior to 1842, a non-resident plaintiff could proceed by the long summons, served in the ordinary way, and without giving security for costs. By the Act of 1842 he may proceed by the short summons, but if he does his writ must be personally served, and he must give security for costs. Here are two distinct modes of procedure, either of which, apparently, may be adopted at the pleasure of the plaintiff.. We cannot think that the conferring of the one right takes away the other by implication. There are no words of repeal, the two rights are not in hostility with each other, both Acts may co-exist without any conflict, and we do not think they are strictly in pari materia. It is perfectly clear that if the 25th section of the Act of 1842 had not been passed, the right of a non-resident plaintiff to commence an action before a justice by a long summons would be undoubted. How then can we take it away, simply because a right to commence by a short summons is conferred. We can only do it by implying a repeal, but we do not understand that repeal by implication is to be resorted to unless there is some urgent, justifying occasion for it. In the case of Erie *v.* Bootz, 22 P. F. S. on p. 199, SHARSWOOD, J., said, "Implied repeals are not favored. If two statutes can stand together the posterior does not abrogate the prior. This is indeed but the application of a general canon of interpretation—that the whole course of legislation, like the whole of a deed, or other instrument of private parties, is to be so construed that every part and every word shall have its effect, if it consistently can, and thus the will of the legislature be completely carried into execution." It is also a well established rule that an Act of Assembly will not be construed to repeal by implication an express enactment, unless there be a clear and strong inconsistency between them : Street *v.* Commonwealth, 6 W. & S. 209 ; Bank *v.* Commonwealth, 10 Barr. 442. In the latter case we said on p. 448, " Where both Acts are merely affirmative, and the substance such that both may stand together both shall have a concurrent efficacy."

[Lewis v. Hollahan.]

We think the learned court below was in error in vacating the proceedings in this case on the ground that the justice had no jurisdiction, and the assignments of error are both sustained.
Judgment reversed and procedendo awarded.